UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

MICHAEL COLUMBO
,

                         Plaintiff,

      - against -

CENTER FOR GOODS, LLC d/b/a ROMAN AND
WILLIAMS; ROMAN & WILLIAMS GUILD; LA
MERCERIE AND GUILD GALLERY; and
ROBIN STANDEFER,

                        Defendants.
--------------------------------------------------------------x

**STIPULATION OF
CONFIDENTIALITY
<u>AND PROTECTIVE ORDER</u>**
25-CV-07382 (JMF)

**WHEREAS**, the parties anticipate that confidential material will be exchanged in discovery in this action; and

**WHEREAS**, the parties object to the production of confidential material unless appropriate protection for its confidentiality is assured;

**NOW THEREFORE, IT IS HEREBY ORDERED THAT** the following principles and procedures designed to assure the protection of proprietary or confidential documents and information shall govern any and all discovery conducted with respect to this litigation (the "Protective Order"):

1.    <u>Definitions</u>.

    1.1    "Party" or "Parties" means Plaintiff Michael Columbo and his respective attorneys, consultants, agents, and retained experts, and Defendants Center for Goods, LLC d/b/a Roman and Williams, Roman and Williams Guild; La Mercerie and Guild Gallery, Robin Standefer and their respective officers, managers, employees, consultants, agents, attorneys, and retained experts.

    1.2    "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not identified as a Party to this litigation.

1.3    "Document" or "Discovery Material" means materials produced or created by a Party or another person, and produced pursuant to applicable discovery rules, by agreement or otherwise, including, without limitation, electronic documents, emails, spreadsheets, presentations, notes, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, trial transcripts or other court transcripts, pleadings, motions, affidavits, declarations, affirmations, briefs, or other filings, and any portion of any of the above whether in hard copy or electronic format.

1.4    "Confidential Information" or "Protected Material" means any Document or Discovery Material that is designated as "Confidential" pursuant to a good faith determination by the Parties, including but not limited to:

a.    All financial information, including but not limited to any revenue figures, sales figures, payroll, and any documents related thereto concerning any Party;

b.    All documents and information containing personal health information, including but not limited to documents and information covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and records disclosed by a party or nonparty pursuant to any Authorization to Release Medical Records executed by the Plaintiff in this action;

c.    Any confidential or trade secret information of the Parties or their respective customers or prospective customers; and

d.    Any sensitive or private personal information, including but not limited to home addresses, phone numbers, social security numbers, and driver's license numbers for any individual.

No document or other form of information shall be considered "Confidential Information" unless the Producing Party shall affix the legend "CONFIDENTIAL" in a prominent place on the margin of each page of such document or other form of information.

1.5    "Receiving Party" means a Party that receives Documents or Discovery Material from a Designating Party.

1.6    "Designating Party" means a Party or Non-Party that produces Documents or Discovery Material in this litigation, and designates such as Confidential Information.

1.7    "Expert" means a person with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by a Party or its counsel to serve as a testifying witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.    Scope. The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material; and (4) Protected Material disclosed through testimony or contained in pleadings, briefs, interrogatory responses, or other documents filed with the Court. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

3.    Duration. Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court's order otherwise directs.

4.    Designation of Protected Material.

4.1    Exercise of Restraint and Care in Designating Protected Material. Each Designating Party must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection

3

only those Discovery Materials that qualify, so that other portions for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, blanket, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, or the Designating Party withdraws a designation for any reason, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

4.2    <u>Manner and Timing of Designations</u>.    Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Protected Material must be clearly so designated before the material is disclosed or produced:

a.    <u>Documents</u>.    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend CONFIDENTIAL on each page that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied or produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the Receiving Party has identified the documents it wants copied or produced, the Designating Party must determine which documents qualify for production under this Protective Order, then, before producing the specified documents, the Producing Party also must clearly identify the Protected Material.

b.    <u>Testimony</u>.    For testimony given in deposition or in other pretrial or trial proceedings, the Party or Non-Party offering or sponsoring the testimony (the Designating Party) may, before the deposition or proceeding is concluded, identify the entire testimony as CONFIDENTIAL and the original and all copies of such transcripts shall be marked accordingly. Upon the written demand of a Receiving Party made after receipt of the transcript, the Designating Party shall have forty-five (45) days after receipt of such demand to designate, in writing, by page and line numbers, to the other Parties and to the court reporter, those portions of the testimony in the transcript that the Designating Party claims constitute or contain Protected Material. Only those portions of the testimony that are appropriately designated for protection within the forty-five (45) days shall be covered by the provisions of this Protective Order.

The court reporter shall place the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER" on the cover page of

each Transcript containing Protected Material, and the court reporter shall clearly designate the beginning and ending of such confidential testimony.  Failure of the court reporter to properly designate Protected Material or information subject to this Protective Order does not waive any Party's right to designate and/or protect such information according to this Protective Order. The court reporter need not segregate confidential testimony in a separately bound transcript.

5.      Failure to Designate Material as Protected Material.  An inadvertent failure of a Party to designate Protected Material produced after the date of this Protective Order is entered as CONFIDENTIAL shall not constitute, be construed as, or have the effect of, a waiver of confidentiality for the qualified information or of the Designating Party's right to secure protection under this Protective Order for such material.  In the event a Party learns that it has inadvertently failed to designate qualified information, or items as CONFIDENTIAL, the Designating Party shall notify the Receiving Party as such in writing.

The Receiving Party, on notification of the designation CONFIDENTIAL after the Protected Material is produced, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6.      Unauthorized Disclosure of Protected Material by Receiving Party.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must within three (3) days after the inadvertent disclosure is discovered: (a) notify in writing the Designating Party of the unauthorized disclosure(s), including the name, address, telephone number, and employer of each unauthorized person or entity to whom disclosure was made, the date of such disclosure(s); (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person(s) to whom unauthorized disclosure(s) was made of all the terms of this Protective Order; and (d) request such person(s) to execute the Confidentiality Agreement attached hereto at Attachment A.

5

7.      Inadvertent Disclosure of Privileged Material and Clawback.  Nothing in this Protective Order in any way alters Rule 502 of the Federal Rules of Evidence and/or applicable law concerning inadvertent production of a document that a producing party believes contains attorney–client communications, attorney work product, or otherwise contains privileged information.

8.      Challenges.  The intent of this Protective Order is to provide a mechanism by which the Parties may protect their confidential and proprietary business information and personal information during the discovery process.  Entry of this Protective Order by the Court does not constitute adjudication that any information provided pursuant to discovery is, in fact, Protected Material.  To the extent any Party wishes to dispute, in good faith, whether designated information is, in fact, Protected Material, the Parties shall first try to resolve such dispute on an informal basis, and must: 1) identify in writing each document or information the Receiving Party believes is improperly designated CONFIDENTIAL, and 2) provide written explanations for why any information has been improperly designated Protected Material.

If the dispute cannot be resolved informally according to the process identified in this paragraph within ten (10) business days of the date the Receiving Party serves written notice that it disputes the confidential nature of the Protected Material, the Receiving Party may file, after the end of this ten (10) business-day discussion period, a motion for a ruling that the Protected Material should not remain as CONFIDENTIAL under the terms of this Protective Order.  During the time that such motion is pending and until the Court enters an order granting such a motion, the Documents and Discovery Material at issue shall continue to be treated as CONFIDENTIAL in accordance with the terms of this Protective Order.

9.      Filing Under Seal.  The Parties shall file any Protected Material with the Court in accordance with the Court's procedures for filing sealed documents.  Any portion of a Document or Discovery Material permitted to be filed under seal shall be filed with a public-record version that includes a placeholder identifying the information filed under seal.  The Parties shall provide a complete set of courtesy copies of all pleadings and motions containing Protected Material filed under seal, including all Protected Material, and shall designate in the transmittal letter and on the first page of any pleading containing Protected Material that the courtesy copy "CONTAINS INFORMATION UNDER SEAL."  All communications shall indicate clearly which portions are designated to be Protected Material.  Absent prior approval from the Court, the terms of this Protective Order will not apply to Court Orders.

10.     Access To and Use of Protected Material.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for investigating, prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 13, *infra*, titled "Final Disposition."  A Receiving Party must take reasonable steps to store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

11.     Permissible Disclosure of Confidential Information.  Confidential Information may only be disclosed to the following:

a) The Parties and outside counsel for the respective Parties to the litigation, including in-house counsel, who are actively engaged in the prosecution or defense of the above-captioned action, including appeals.

b) Any designated representative for Defendants who affirms, on Attachment A to this Protective Order, that he/she has read and understood the terms of this Protective Order and agrees to be bound by it.

c) Any designated representative for Plaintiffs who affirms, on Attachment A to this Protective Order, that he/she has read and understood the terms of this Protective Order and agrees to be bound by it.

d) Consultants, investigators or Experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of the above-captioned action, including appeals, who affirm, on Attachment A to this Protective Order, that he/she has read and understood the terms of this Protective Order and agrees to be bound by it.

e) Secretaries, administrative assistants, paralegals, legal assistants and clerical personnel who are actively engaged in assisting the persons or entities listed in subparagraph (a) of this paragraph 11 of this Protective Order.

f) Court reporters and persons operating video recording equipment at depositions or hearings.

g) Persons and entities that authored, received, or possessed Confidential Information, or had knowledge of the information contained in them, prior to their production in the above-captioned action, but only to the extent that the person or entity authored, received or possessed the specific Confidential Information that is disclosed to them.

h) The Court, and court personnel, provided that the Parties shall follow the provisions of paragraphs 8 and 9 of this Protective Order.

12. <u>Protected Material Subpoenaed or Ordered Produced in Other Litigation</u>. If a Receiving Party is served with a subpoena or an order issued in other litigation or action that would compel disclosure of any Protected Material, the Receiving Party must so notify the Designating Party in writing (by facsimile or electronic mail, if possible) no more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. Unless mandated by the terms of the subpoena or order, and/or if doing so does not cause an undue hardship or is otherwise impractical, the Party receiving the subpoena or order shall not respond to same for a period of seven (7) days after the date the Party sends written notice to the Designating Party.

The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party in this litigation an opportunity to try to protect its confidentiality interest in the court from which the subpoena or order issued. The

Designating Party shall bear the burdens and the expenses of seeking protection in that court or forum of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or forum.  A Receiving party, however, should not respond to a subpoena if the Designating party has objected until any objection or motion filed by the Designating party has been ruled upon by the court.

13.    Final Disposition.  Unless otherwise ordered or agreed in writing by the Designating Party, within sixty (60) days after the final termination of this litigation, each Receiving Party must destroy all Protected Material.  As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material, except that counsel to the Parties are permitted to retain one (1) archival copy of such material in accordance with their standard file retention policy and applicable Rules of Professional Conduct, including any attorney work product regarding Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Designating Party by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material, excluding attorney work product regarding same.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, attorney work product, or any other materials that contain Protected Materials.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.  The provisions contained herein shall not apply to any documents falling within the work-product doctrine.

14.     Miscellaneous.

14.1    Right to Further Relief.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

14.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Consent.  Nothing herein shall prevent disclosure or use beyond the terms of this Protective Order if counsel for the Designating Party consents in writing or on record to such disclosure, or if the Court, after notice to all affected Parties, orders such disclosure.  Any particular consent given under this Protective Order with respect to confidentiality of the particular Document shall not be deemed a waiver of any other designation.

14.4    Withdrawal.  A Designating Party may, at any time, withdraw the designation of Protected Material by written notice.

14.5    Relief from Court.  This Protective Order is without prejudice to the right of either Party to seek relief from the Court, upon good cause shown, from any of the terms provided above.

14.6    Modification.  This Protective Order may be modified by an order of this Court or by the written agreement of all Parties.

14.7    Without Prejudice.  This Protective Order will not prejudice the right of any Party or Non-Party to oppose production of any information on the ground of attorney-client privilege or attorney work product doctrine, or any other protection provided under the law.

Dated:      New York, New York
            April 6, 2026


**GISKAN, SOLOTAROFF &**          **ARENTFOX SCHIFF LLP**
**ANDERSON LLP**                  *Counsel for Defendants*
Attorneys for Plaintiff           Corporation Counsel of the
1 Rockefeller Plaza               1301 Avenue of the Americas
8th Floor                         42nd Floor
New York, NY 10020                New York, NY 100019
                                  Phone: (212) 484-3900



By: _____       By: _____
    Jason L. Solotaroff               Alexandra M. Romero
    jsolotaroff@gslawny.com           Nicholas L. Collins
                                      alexandra.romero@afslaw.com
                                      nicholas.collins@afslaw.com



**SO ORDERED:**


___April 7, 2026___              _____
         **Date**                          **U.S.D.J.**   Hon. Jesse M. Furman

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  S*ee generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).  The Clerk of Court is directed to terminate ECF No. 29.

11

# ATTACHMENT A

## CONFIDENTIALITY AGREEMENT

I hereby affirm and agree that:

1.      Information, including documents and things, designated as Protected Material will be provided to me pursuant to the terms and restrictions of the Protective Order for Protection of Confidential Information entered in the above-captioned action (hereinafter the "Protective Order").

2.      I have been provided with a copy of the Protective Order entered in the United States District Court for the Southern District of New York in the action entitled Michael Columbo v. Center for Goods, LLC, et al., Civil Action No.: 25-CV-07382 (JMF).  I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

3.      I understand that violation of this Order may subject me to punishment for contempt of court.

4.      I agree not to use any Protected Material disclosed to me pursuant to the Protective Order except for use in connection with the above-captioned litigation and not to disclose any such Protected Material to persons other than those specifically authorized by the Protective Order, without the express written consent of the Designating Party, or by order of this Court.  I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order.

5.      I understand that I am to retain all Protected Material in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such Protected Material, including all copies thereof, and any writings prepared by me containing any Protected Material are to be returned to counsel who provided me with such Protected Material.


Dated:  _____          _____
                                                                        Name

                                                                        _____
                                                                        Title

12