UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL COLUMBO,

Plaintiff,

-v-

CENTER FOR GOODS, LLC, et al.,

Defendants.

CIVIL ACTION NO. 25 Civ. 7382 (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The parties have consented to have the undersigned conduct all proceedings in this case. (Dkt. No. 48). The Court is now in receipt of the motion in support of settlement (Dkt. No. 52 (the "Motion")) and proposed settlement agreement (Dkt. No. 52-1 (the "Settlement Agreement") for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b)). "To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award." Id. "In the Second Circuit, that entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." Id. (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir.1983)).

Although the Settlement Agreement contemplates an allocation of attorneys' fees and costs to Plaintiff's counsel, Plaintiff has not submitted for the Court's review his counsel's billing

records and costs documentation, without which the Court cannot complete its review of the proposed settlement. See Mamani v. Licetti, No. 13 Civ. 7002 (KMW) (JCF), 2014 WL 2971050, at *3 (S.D.N.Y. July 2, 2014) (rejecting request of attorneys' fees in the absence of substantiating documentation that would allow the court to assess the reasonableness of the fee). Plaintiff also refers to Exhibits B and C in the Motion but did not submit those documents alongside the MSA. (See Dkt. No. 52). Further, Plaintiff has not provided the Court with copies of his retainer agreement or engagement letter with his counsel.

Accordingly, by **September 30, 2026**, Plaintiff's counsel shall submit: (i) Exhibits B and C as referenced in the Motion; (ii) a copy of Plaintiff's retainer agreement or engagement letter with his counsel, and (iii) billing records and costs documentation corresponding with the requested amount of attorneys' fees and costs in the Settlement Agreement.

Dated: New York, New York
September 28, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**